UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:19-CR-245-M |
| | § | |
| TIMOTHY BERNARD TANNER, | § | |
| | § | |
| Defendant. | § | |

**<u>DEFENDANT'S REQUEST FOR SPECIFIC VOIR DIRE QUESTIONS FOR THE JURY</u>**

**TO THE HONORABLE JUDGE BARBARA M.G. LYNN:**

Comes now the Defendant, **TIMOTHY BERNARD TANNER**, and files this request for specific questions to the jury panel pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The Defendant hereby requests the Court to ask the following questions to the jury panel:

1. Are you acquainted with Assistant United States Attorneys, or any of the U.S. Attorney's Office? Have you ever been employed by the United States Attorney's Office anywhere in the United States?

2. Is someone close to you employed or associated with the United States Attorney's Office, the Department of Justice, or any other department or agency of the United States Government?

   A. The parties have submitted to the Court a list of possible witnesses. The Court is going to read each name and you should raise your hand if you hear a name which may be familiar to you.

   B. If a juror indicates some possible knowledge of a person from the witness list, the Court is requested to determine the basis of the juror's acquaintanceship and then determine if it is a person from the list or if it would have any effect on the jury to

        be fair and impartial.

3. Do you or someone close to you either now have or at any time in the past had any business or contractual relationships with any office or agency of the United States Government?

4. Do you know any other members of this jury panel?

5. Have you ever served on a jury before? If so, was it a grand jury or a trial jury; was it in State or Federal Court; in what year did you serve; what kind of case did you sit on; and after your service was completed, did anyone say anything to you about the case or your decision?

6. Do each of you understand that the burden of proof in a criminal case is much greater than the burden of proof in a civil case? Do each of you understand that the Government has the burden of proving the allegations in the indictment beyond a reasonable doubt before you can convict Timothy Bernard Tanner?

7. Do any of you have any reason why you absolutely could not at this time serve as a juror in a trial that might last a week or longer?

8. Do any of you have any medical or physical problems that might affect your ability to serve as a juror or serve as a juror in a lengthy trial?

9. Are any of you currently taking any medication that might interfere with your ability to concentrate in the testimony and serve as a juror in a lengthy case?

10. Do any of you have personal or business plans (such as commitments to out-of-town travel) in the near future that would make it difficult for you to serve as a juror on a trial lasting a week or longer?

11. Do any of you have any personal or family responsibilities (such as full-time care of a young

child or of an ill or elderly person) that would interfere with your service as a juror?

12. Do any of you have responsibilities on your job that would make it impossible for you to serve as a juror on a trial listing a week or longer?

13. What is the extent of your education?

14. If more than high school, please tell us what schools you attended, what your major areas of study were, what dates you attended, and what degrees or certificates you received.

15. Have you, an immediate family member or a close personal friend, been a complaining witness or a victim in a criminal case?

16. Have you ever been personally interested in the outcome of a criminal case? Discuss circumstances.

17. Have your or anyone close to you ever been the victim of a crime or fraud?

18. Have you ever been a witness in court or given your testimony under oath? Discuss circumstances.

19. Do you supervise any other people on your job?  If yes, please tell us how many people you supervise and what your supervisory responsibilities involve.

20. What kinds of work did you do before your current job?

21. Have you or someone close to you served as a federal or state or local law enforcement officer?

22. Have you or someone close to you been employed by or associated with any law enforcement agency?  Have you or someone close to you received any kind of special training in law enforcement or law?

23. Has any member of the panel, their immediate family members or close personal friends

been employed by the federal, state, county or city government?

24. Are there any members of the panel who would believe the testimony of a government agent or employee over the testimony of a private citizen solely because he or she is a government employee or agent?

25. If you are a member of any neighborhood, civil, social, religious, fraternal, or political organizations, please give the names of the organizations and describe your activities including any offices you may have held.

26. The laws of the United States provide:

   A. That the Government has the burden of proving each and every allegation in the indictment beyond a reasonable doubt;

   B. That an accused is presumed to be innocent and this presumption of innocence goes, to every element of the offense charged;

   C. That an accused is not required to prove his innocence or to present any evidence

   D. That the burden of proof remains on the Government throughout the entire proceedings.

   Is there any member of the panel, who for personal, religious, or any other reason, feels that he or she cannot comply with any portion of the law as I have just recited it to you?

27. Do each of you realize that you must give Timothy Bernard Tanner the benefit of a presumption of innocence without any mental reservations whatsoever? And that you are to consider this presumption of innocence as actual proof of innocence until it is overcome by proof of guilt beyond a reasonable doubt?

28. Knowing what I have just said, would you require Timothy Bernard Tanner any time to

satisfy you as to his innocence by either presenting evidence or testifying?

29. Do each of you understand that the indictment is not evidence of any kind? That it is merely a piece of paper used to bring a Defendant into Court, the same as a complaint in a civil case.

30. Do each of you understand that an indictment is merely an accusation, that the grand jury meets in secret closed sessions, that a Defendant may not even be aware of the proceedings, that they are not represented before the grand jury by counsel or otherwise and that no witnesses are called on their behalf?

31. Is there any member of the jury panel who thinks Timothy Bernard Tanner must have done something wrong or he would not be present in Court today? If so, please raise your hand.

32. Does each member of the jury panel understand that as Timothy Bernard Tanner sits here before you, he is not any more guilty of anything than any member of the jury panel or any other participant in this trial?

33. Have you reached or formed any conclusions in your mind concerning the allegations in this indictment that would require Timothy Bernard Tanner to present any evidence to dispel a conclusion that he may be guilty of a crime?

34. The law of the United States provides that a defendant does not have to testify in a criminal case. Our law further provides that if the defendant does not testify, you may not consider that for any purpose in deciding his guilt or innocence. Is there any member on this jury panel who, because of personal feelings or otherwise, would not be able to follow that law? If so, please raise your hand.

35. Is there any member of the jury panel who feels that if Timothy Bernard Tanner does not

testify, it is an indication of guilt? If so, please raise your hand.

36. You realize that it is the duty of the attorneys to object to the admission of evidence that they believe to be improper under our rules of law? Do you realize that when they object, they are not trying to slow down the trial or to hide the truth? Rather, they are seeking to ensure that only evidence that meets our legal rules of admissibility is considered by the jury.

37. Do you understand that the comments of the prosecutor are not evidence in this case?

38. Do you realize the fact that the United States is a named party should not influence your decision? All criminal cases in federal court are entitled the United States versus the named accused.

39. Are each of you prepared to judge this case solely on the evidence introduced during the trial and the instructions of law given to you by the Court?

40. Do each of you realize that as a juror, each will be the sole judge of the facts in this case?

41. If from your experiences, you believe or have the feeling that certain facts exist, but the facts have not been proven by satisfactory evidence, would you discard your beliefs and feelings, and decide this case on the evidence or lack of evidence?

42. Do each of you understand that the verdict in this case has to be unanimous and it is not a situation where the majority wins?

43. When you retire to the jury room to reach your verdict, will each of you cast your personal vote even if you are in the minority in that vote? Would the fact that you were in the minority influence your vote at all?

44. Is there any member of the panel who does not agree with our law which places the burden

        of proof of every allegation in the indictment beyond a reasonable doubt on the Government to such an extent that they would not be able to comply with the law?

45. Do you agree with the proposition that you are enforcing the law just as vigorously by voting for acquittal if there is a reasonable doubt as to guilt as you do by voting for conviction where there is no such doubt?

46. Will each of you wait until all of the evidence is in before making up your minds about the case?

47. If the prosecution fails to prove the guilt of an accused beyond a reasonable doubt, is there any one of you that would hesitate to return a verdict of not guilty?

48. By a show of hands, how many members of the jury panel would require Timothy Bernard Tanner to testify and explain himself and his conduct before you could consider finding him not guilty?

        Respectfully submitted,

        JASON D. HAWKINS
        Federal Public Defender
        Northern District of Texas

        /s/ *Michael W. Kawi*
        MICHAWL W. KAWI
        Assistant Federal Public Defender
        Northern District of Texas
        Florida Bar No. 100276
        525 Griffin Street, Suite 629
        Dallas, Texas   75202
        Phone 214-767-2746
        michael_kawi@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2020, I electronically filed the foregoing document using the Court's CM/ECF system, thereby providing service on attorneys of record.

/s/ *Michael W. Kawi*
MICHAWL W. KAWI