## United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

May 29, 2020

Ms. Karen S. Mitchell
Northern District of Texas, Dallas
United States District Court
1100 Commerce Street
Earle Cabell Federal Building
Room 1452
Dallas, TX 75242

    No. 20-10510   In re: Timothy Tanner
                        USDC No. 3:19-CR-245-1

Dear Ms. Mitchell,

Enclosed is a copy of the judgment issued as the mandate.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Amanda Sutton-Foy, Deputy Clerk
                        504-310-7670

cc w/encl:
    Ms. Leigha Amy Simonton
    Mr. James Matthew Wright

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 20-10510

In re: TIMOTHY BERNARD TANNER,

      Petitioner

Petition for a Writ of Mandamus
to the United States District Court for the
Northern District of Texas

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:

    Before the court is Timothy Tanner's petition for writ of mandamus or prohibition ("Petition"). Tanner is a defendant in a criminal case awaiting a jury trial. After several continuances, the current setting for the trial is Monday, June 1, 2020. In light of the continuing COVID-19 pandemic, Tanner moved for a continuance, which the Government opposed. The district court conducted a hearing on the motion as well as the specifics of how the district court intended to conduct the jury trial in light of the COVID-19 health safety issues. The district court denied Tanner's motion and entered a detailed order specifying a procedure for how the jury would be selected and other procedural aspects of the trial to address social distancing and safety precautions. Tanner filed an appeal of the district court's denial of the continuance under Case No. 20-10506, which remains pending and which we do not address. In light of potential challenges to the jurisdiction of this court over the interlocutory

appeal in Case No. 20-10506, Tanner also filed the Petition which is docketed under this case number and which we address here.

Both orally as described by the parties and in writing as per the district court's order of May 28, the district court has given great consideration to the COVID-19 issues addressed by Tanner. Tanner's briefing makes good arguments why the trial should not proceed as scheduled, and the Government makes good arguments why it should. In a country where many businesses were shut down for weeks or months as a result of the pandemic, controversy rages over when and what to reopen as time goes on. So, it is not surprising that such a controversy might arise in the context of court proceedings. However, whatever each of us as judges might have done in the same circumstance is not the question. Instead, as cited below, the standards are much higher for evaluating the district court's decision.

Tanner appears to recognize that he cannot establish that his right to a writ of mandamus is "clear and indisputable," as required by our precedent, *see In re Volkswagen of America, Inc.,* 545 F.3d 304, 311 (5th Cir. 2008) (en banc), because he does not attempt to show a "clear and indisputable" right. Instead, Tanner argues for an "advisory mandamus" or writ of "prohibition," arguing that we have the power to "issue supervisory writs of mandamus in order to prevent practices posing severe threats to the proper functioning of the judicial process." *In re McBryde*, 117 F.3d 208, 223 (5th Cir. 1997). The circumstances of this case, as described by the parties in their opposing briefs, are exactly the kind of circumstances that fall within the discretion of the district court and outside the highly-limited parameters of appellate grants of mandamus and prohibition petitions. Tanner has shown neither that his right to a writ is "clear and indisputable" nor that the district court's careful and specific rulings pose a "severe threat to the proper functioning of the judicial

process." We trust that the district court will continue to monitor the circumstances in this trial, addressing situations as they arise, and will work with the attorneys to implement safety protocols.

The Petition is DENIED.